UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BALD MOUNTAIN HOLDINGS,
LLC,

    Plaintiff,

v.

AETNA HEALTH INSURANCE
COMPANY,

    Defendant.
_____/

Case No. 16-13518

Hon. John Corbett O'Meara

## OPINION AND ORDER

Before the court is Defendant's motion for entry of judgment affirming its denial of benefits, which has been fully briefed. Upon review, the court determined that oral argument would not significantly aid its decision and decided this matter on the administrative record and the parties' submissions.

## FINDINGS OF FACT

Plaintiff Bald Mountain Holdings, LLC, operates a surgical center in Lake Orion, Michigan. Bald Mountain provided services to LS, a patient covered under the Costco Employee Benefits Program ("the Plan"). LS received treatment for urinary incontinence, including the insertion of an InterStim device in February

2015. Bald Mountain sought reimbursement under the Plan for the services received by LS.

Under the Plan, Defendant Aetna Life Insurance Company is the claims fiduciary and "has the sole and exclusive discretionary authority and control to determine claims for benefits." AR 262, 267-68, 285. Aetna also has discretionary authority to "interpret all Plan and trust documents, booklets, policies, rules or regulations in determining claims for benefits." AR 262.

On May 22, 2015, Aetna determined that LS's claim was not covered under the Plan because the InterStim device was considered "experimental or investigative" and not medically necessary. See AR 331-33. Aetna's Clinical Policy Bulletin No. 0223 regarding Urinary Incontinence sets forth the following conditions under which implantation of the InterStim device is considered medically necessary:

> Aetna considers implantation of the InterStim (Medtronic, Inc., Minneapolis, MN) a device for unilateral stimulation of the sacral nerve, medically necessary for the treatment of urge UI or symptoms of urge-frequency when all of the following criteria are met:
>
> 1. The member has experienced urge UT or symptoms or urge-frequency for at least 12 months and the condition has resulted in significant disability (the frequency and/or severity of symptoms are limiting the member's ability to participate in daily activities); *and*
> 2. Pharmacotherapies (i.e. at least 2 different anti-cholinergic drugs or a combination of anti-cholinergic and a tricyclic anti-

    depressant) as well as behavioral treatments (e.g. pelvic floor exercise, biofeedback, timed voids, and fluid management) have failed; *and*
3. Test stimulation provides at least 50% decrease in symptoms.

AR 14-16. Aetna determined that LS did not meet the above criteria. See AR 331-33.

  Plaintiff appealed Aetna's decision on June 4, 2015, and provided additional information in support of its appeal on June 19, 2015. Prior to receiving a determination, Plaintiff again requested reconsideration on September 4, 2015, which Aetna noted was a "potential duplicate case." AR 18. Aetna denied Plaintiff's appeal on September 19, 2015, stating that a medical director had reviewed the matter and determined that the "documentation does not support Aetna's guidelines and criteria for coverage for this procedure. The amount of improvement on the Interstim trial was not provided." AR 122-23.

  Under the Plan, Plaintiff had sixty days to submit a second level appeal. AR 273. According to Aetna's records, Plaintiff did not submit a second level appeal by the deadline of November 18, 2015. See AR 20-21. Rather, Plaintiff's second level appeal was submitted on December 11, 2015. Id. Aetna denied Plaintiff's second level appeal as untimely on February 8, 2016. AR 399-401.

  On April 1, 2016, Plaintiff sent a letter to Aetna, detailed the difficulty it had in obtaining answers to its phone inquires regarding the status of its claim. AR 32.

On April 20, 2016, Aetna responded, indicating that it had performed a final review of Plaintiff's claim and that no further internal review was available. Subsequently, Plaintiff filed this action to recover benefits, which was removed to this court on September 29, 2016.

## CONCLUSIONS OF LAW

This cases arises under the Employee Retirement Income Security Act of 1974 ("ERISA").[1] In an ERISA denial of benefits case, judicial review is *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); see also Glenn v. MetLife, 461 F.3d 660, 665-66 (6th Cir. 2006). If the plan grants discretion to the administrator or fiduciary, the district court is required to review the denial of benefits under an "arbitrary and capricious" standard. See Glenn, 461 F.3d at 666. In this case, the "arbitrary and capricious" standard applies, because the Plan grants discretion to the administrator. "Although that standard is deferential, it is not a rubber stamp for the administrator's determination." Elliott v. Metropolitan Life Ins. Co., 473 F.3d 613, 617 (6th Cir. 2006). The court will uphold the

---

[1] Plaintiff pleaded state law causes of action in its complaint, which are completely preempted by ERISA. See Aetna Health Inc. v. Davila, 542 U.S. 200, 210 (2004).

administrator's decision "if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." Id. (citation omitted). McDonald v. W.-S. Life Ins. Co., 347 F.3d 161, 169 (6th Cir. 2003) ("[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious.").

Aetna denied Plaintiff's claim because it determined that the medical records provided did not demonstrate that the InterStim device was medically necessary for LS. See AR 331-33, AR 122-23. Aetna outlined the criteria it used to make this determination and explained why it did not believe that LS met the criteria. Id. In denying Plaintiff's first appeal, Aetna noted that the criteria were not met because a test simulation of the InterStim device was required to provide an "at least 50 percent decrease" in symptoms, but Plaintiff did not provide a record of "the amount of improvement on the Interstim trial." AR 122-23. Aetna's determination is supported by the administrative record and is not arbitrary and capricious. Indeed, Plaintiff has not identified evidence in the administrative record showing that LS met the criteria used by Aetna to the deny the claim. Rather, Plaintiff points to an affidavit submitted by LS's treating physician, which is not part of the administrative record and which may not be considered by the court. See Pl.'s Ex. 1; Wilkins v. Baptist Healthcare Sys. Inc., 150 F.3d 609, 615, 619 (6th Cir. 1998)

(court's review is generally confined to the administrative record).

The court also concludes that Aetna's decision to deny Plaintiff's second level appeal as untimely was not arbitrary or capricious. Aetna's records show that Plaintiff's second appeal was received on December 11, 2015, well after the sixty-day deadline of November 18, 2015. Although Plaintiff argues that its September 4, 2015 request for reconsideration should have been considered a timely second level appeal, at the time Aetna had not yet made a decision regarding Plaintiff's first level appeal, which was rendered on September 19, 2015. Aetna treated Plaintiff's September 4, 2015 request as a duplicate appeal rather than a second level appeal. Given the timing, this treatment was neither arbitrary nor capricious.[2]

Accordingly, the court will affirm Aetna's denial of benefits and enter judgment in its favor.

**ORDER**

IT IS HEREBY ORDERED that Defendant Aetna Life Insurance Company's motion for entry of judgment affirming denial of benefits is

---

[2] Aetna also argues that Plaintiff's lawsuit is barred because it failed to timely exhaust its administrative remedies. In light of the court's determination on the merits, it is not necessary to reach this argument.

GRANTED.

                                         s/John Corbett O'Meara
                                         United States District Judge

Date: October 3, 2017

       I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, October 3, 2017, using the ECF system.

                                         s/William Barkholz
                                         Case Manager